**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

TYREEK REEVEY,

              Plaintiff,

              v.

MARIAN HUESAIN, et al.,

              Defendants.

Civil Action No. 24-7728 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

    This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint. (ECF No. 1.)  Because Plaintiff was previously granted *in forma pauperis* status in this matter, (*see* ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant.  For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice as it is time barred.

## I.     BACKGROUND

    In his complaint, which was filed in June 2024, Plaintiff seeks to raise claims against Marian Huesain, a youth worker who was employed at the New Jersey Training School for Boys in 2014.  (ECF No. 1 at 4.)  According to Plaintiff, while he was imprisoned in the school as a juvenile offender, he was sexually abused by Ms. Huesain multiple times between March 8 and June 8 of 2014.  (*Id.* at 5-6.)  Plaintiff now seeks damages from Huesain and the School, a state

run facility, under 42 U.S.C. § 1983, alleging that the repeated sexual contact with Ms. Huesain violated his constitutional rights.  (*Id.*)

## II.    <u>LEGAL STANDARD</u>

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations.  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>DISCUSSION</u>

In his complaint, Plaintiff seeks to raise federal civil rights claims against a New Jersey state youth correctional facility, the New Jersey Training School for Boys, and one of its employees, Marian Huesain, for alleged sexual assaults Huesain committed against him in 2014. Initially, the court notes that state correctional facilities, such as the training school, are arms of the state and are thus are not proper defendants in a civil rights matter and are in any event immune from suit in federal court pursuant to the Eleventh Amendment. *See e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989). Plaintiff's claims against the training school must therefore be dismissed with prejudice at this time.

Turning to Plaintiff's claims against Ms. Huesain, it is clear that Plaintiff's claims are time barred. Federal civil rights claims filed in this Court are subject to New Jersey's two-year statute of limitations for personal injury actions. *Fisher v. Hollingsworth*, 115 F.4th 197, 209 (3d Cir.

2024); *see also Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). A plaintiff's claims accrue, and this period begins to run, at the time the plaintiff became aware of his injury. *See, e.g., Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Here, Plaintiff's claims accrued when the alleged sexual assaults took place – between March and December 2014. Plaintiff did not file his complaint in this matter until ten years later – in late June 2024. Thus, absent some basis for the tolling of the statute of limitations, Plaintiff's claims are time barred by nearly eight years. As this Court perceives no clear basis for the tolling of the limitations period from the face of the complaint,[1] Plaintiff's complaint must be dismissed without prejudice as time barred. Because Plaintiff has yet to have an opportunity to address the time bar issue, however, he shall be granted leave to file an amended complaint within thirty days. Should Plaintiff choose to file an amended complaint, he should directly address why his amended complaint should not be dismissed with prejudice as time barred.

---

[1] The Court briefly notes that although New Jersey did briefly have a statutory provision that permitted the reviving of state law sexual assault tort claims if they were filed between December 2019 and 2021, that statute has since expired, and in any event does not apply to federal civil rights proceedings such as this one. *See Fisher*, 115 F.4th at 210-12. The Court further notes that, because Plaintiff was a juvenile at the time of the events, he may be entitled to tolling through the date of his eighteenth birthday. *See, e.g., Rolax v. Whitman*, 175 F. Supp. 2d 720, 726 (D.N.J. 2001) (N.J. law provides tolling for claims which accrue for minors until they reach eighteen years of age). Should Plaintiff seek the tolling of the limitations period on this basis in filing his amended complaint, he should clearly specify his age at the time of the assaults in 2014. Given the length of time involved and the factual matter of the complaint, however, it appears unlikely that this would provide a sufficient basis for tolling to render Petitioner's ten-year-old claims in this matter timely, however, as Plaintiff was likely at least twelve years old at the time of the events.

IV.     **CONCLUSION**

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** as time barred.  Plaintiff shall be granted leave to file an amended complaint within thirty days.  An order consistent with this Opinion will be entered.

Date: December 11, 2025

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**